IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Michael Wade Herron, ) | |
| ) | |
| Plaintiff, ) | Case No.  8:15-cv-01910-JDA |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| Carolyn W. Colvin, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

This matter is before the Court for consideration of a stipulated agreement of attorneys fees to Plaintiff for the successful representation of Plaintiff by Harry F. Smithson in the underlying Social Security benefits action.[1] [Doc. 31.] The Commissioner's decision denying benefits to Plaintiff was reversed and remanded for further administrative proceedings by order of this Court under sentence four of 42 U.S.C. § 405(g). [Doc. 26.] Counsel for the parties have conferred and have agreed to an award of $4,500.00 for attorney's fees to Plaintiff. [Doc. 31.] The Court will review this agreement in accordance with requirements of the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.

## APPLICABLE LAW

The EAJA provides:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . , incurred by that party in any civil action . . . brought by or against the United States . . . , unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

---

[1]As a part of the Stipulated Agreement, Plaintiff withdraws his previously filed Petition for fees. [Doc. 31 at 1(withdrawing Petition filed at Doc. 28).]

28 U.S.C. § 2412(d)(1)(A); *see also Crawford v. Sullivan*, 935 F.2d 655, 656 (4th Cir. 1991) (stating that the eligibility requirements for an award of fees under the EAJA are (1) that the claimant is a prevailing party; (2) that the government's position was not substantially justified; (3) that no special circumstances make an award unjust; and (4) that the claimant timely filed his petition supported by an itemized statement).

A claimant is a prevailing party if the case is remanded pursuant to sentence four of 42 U.S.C. § 405(g). *Shalala v. Schaefer*, 509 U.S. 292, 301–02 (1993). Further, the government's position is "substantially justified" if it "ha[s] a reasonable basis both in law and in fact." *Pierce v. Underwood*, 487 U.S. 552, 563 (1988). Finally, a fee petition is timely if filed within thirty days of the final judgment. 28 U.S.C. § 2412(d)(1)(B).

## **ANALYSIS**

Because Plaintiff is the prevailing party, the Commissioner does not contend that its position was substantially justified, the Commissioner does not contend the agreed upon award is unjustified, and Plaintiff timely filed and supported his petition for attorney's fees, the Court analyzes only whether Plaintiff's requested award is reasonable. *See Pierce v. Underwood*, 487 U.S. 552, 571 (1988) (noting that appellate courts review attorney's fee awards for an abuse of discretion); *May v. Sullivan*, 936 F.2d 176, 177 (4th Cir. 1991) (per curiam) (citing *Pierce*, 487 U.S. at 571) (stating that "district courts have discretion to determine a reasonable fee award"). Under the EAJA, "fees and other expenses" that may be awarded to a prevailing party in a civil action against the government must be "reasonable." 28 U.S.C. § 2412(d)(2)(A)(ii) (internal quotation omitted). Congress provided that the amount of fees awarded shall be based upon prevailing market rates for the kind and quality of the services furnished, except that attorney's fees shall not be

awarded in excess of $125 per hour unless the court determines that "an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." *Id.*; *Hyatt v. Barnhart*, 315 F.3d 239, 249 (4th Cir. 2002).

In an EAJA award, the Administration "is only charged with those fees and expenses fairly attributable to the monitoring and investigatory activities that led to the discovery of the dispute and to the litigation of that dispute." *Hyatt,* 315 F.3d at 256. "Costs" are limited to filing fees, copying, and printing charges. 28 U.S.C. § 1920; *see also* 28 U.S.C. § 2412(a)(1) (specifying that costs are limited to those enumerated in 28 U.S.C. § 1920). Other items, such as postage, attorney travel, and telephone charges, are considered "expenses" under the EAJA. *See* 28 U.S.C. § 2412(d)(1)(A); *Int'l Woodworkers of Am. v. Donovan*, 792 F.2d 762, 767 (9th Cir. 1985) (upholding award of expenses for telephone charges, postage, air courier charges, and attorney travel and noting that such expenses are those normally billed to a client and are routine under most fee statutes).

The Commissioner has stipulated to the payment $4,500.00 in attorneys fees to Plaintiff. [Doc. 31 at 1.] The parties have also stipulated that the awarded attorneys fees be made payable to Plaintiff and delivered to Plaintiff's counsel, and that the Commissioner will determine whether Plaintiff has any outstanding federal debt to be offset from the attorney fees and will pay the balance of stipulated attorney fees remaining after subtracting the amount of Plaintiff's outstanding federal debt. [*Id*. at 1–2.] Upon review and consideration of the stipulated agreement, in light of the EAJA, the Court approves the stipulated agreement between the parties and finds the requested attorney's fees are reasonable.

## **CONCLUSION**

Wherefore, based upon the foregoing, it is ORDERED that the stipulated agreement [Doc. 31] is approved and Plaintiff is awarded attorney's fees in the amount of $4,500 pursuant to 28 U.S.C. § 2412(d) payable to Plaintiff [2]. Plaintiff's Petitioner for Attorney's Fees [Doc. 28] is withdrawn pursuant to the stipulated agreement. The Court directs the Commissioner to make the check, after subtracting the amount of Plaintiff's outstanding federal debt, payable to the Plaintiff and to deliver the check to the office of Plaintiff's counsel.

IT IS SO ORDERED.

s/Jacquelyn D. Austin
United States Magistrate Judge

November 22, 2016
Greenville, South Carolina

---

[2] The court notes that the fees must be paid to Plaintiff. *See Astrue v. Ratliff*, 505 U.S.——, No. 08–1322, slip op. at 1 (June 14, 2010) (holding that the plain text of the EAJA requires that attorney's fees be awarded to the litigant, thus subjecting EAJA fees to offset of any pre-existing federal debts); *see also Stephens v. Astrue*, 565 F.3d 131, 139 (4th Cir.2009) (same).